[No. 21277.   Department Two.   June 8, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. CLYDE DUNCAN *et al., Appellants.*[1]

[1] LARCENY (28) — ASPORTATION OF PROPERTY — EVIDENCE — SUFFI-CIENCY.   A conviction of larceny of chickens is sustained by evidence to the effect that accused were caught at night with the automobile in which the stolen chickens had been trans-ported to the place where they were secreted, almost immedi-ately after the theft, while approaching another chicken house.

[2] LARCENY (25-2)—VALUE OF PROPERTY—EVIDENCE—SUFFICIENCY.   The market value of stolen chickens may be shown by evidence that they were high-grade fowls raised for breeding purposes, worth at least five dollars apiece, and never sold for food con-sumption.

[3] CRIMINAL LAW (451)—APPEAL—REVIEW—HARMLESS ERROR—CON-DUCT OF COUNSEL.   Error cannot be assigned upon argument of the prosecutor, made in good faith, which on objection, the court instructed the jury to disregard.

Appeal from a judgment of the superior court for King county, Douglas, J., entered September 14, 1927, upon a trial and conviction of larceny.   Affirmed.

*Everett O. Butts,* for appellant.

*Ewing D. Colvin* and *Ethan Allen Peyser,* for re-spondent.

ASKREN, J.—This is an appeal from a conviction and sentence on a charge of grand larceny, wherein the state sought to show the defendants guilty of stealing eleven chickens of the value of more than twenty-five dollars.

One of the assignments of error being that the evi-dence was insufficient to justify the verdict, and that the court therefore erred in not granting either the motion in arrest of judgment or for a new trial, it

[1]Reported in 268 Pac. 139.

will be necessary to detail in a general way the evidence relied upon by the state for conviction.

At about 3:00 o'clock, A. M., July 9, 1927, one Colson, a farmer and keeper of chickens, was watching for chicken thieves that had previously operated in the vicinity of his home. He heard an automobile leave the premises of one Peterson, some distance away, and travel towards the Colson home. It stopped near his house and he secreted himself, gun in hand, in the bushes near by. The appellant Duncan approached a gasoline tank near the house with a five-gallon can and began to fill it from the tank. He then started for the chicken house, but was stopped by Colson and taken in charge. In the meantime, the automobile stood in front of the premises and chickens were heard squawking in the car. The auto, after a few movements up and down the road, disappeared, but later was overhauled by a deputy sheriff and some assistants, who encountered the appellant Holland driving the car and retracing the road it had first taken, due to the fact that the road ended in a *cul de sac*. About a mile nearer the end of the road were found a large number of chickens that had just been killed by wringing their necks. They were of three kinds,—Plymouth Rocks, Rhode Island Reds, and one black chicken of an unnamed variety. In the auto were found three kinds of chicken feathers corresponding to the variety of chickens that were just killed. The Plymouth Rock chickens had just been stolen from the Peterson home. The feet of the chickens had been tied with twine of a certain character, and a ball of such twine was found in the auto. The car itself was recognized by Colson as one he had observed near his place about a month before. It was admittedly the car in which both appellants had come to the scene of the larceny.

[1] Enough has been detailed of the state's case to show that the question of guilt was for the jury, and that no error was committed by the court in refusing the motions made by appellants.

It is also urged that the court erred in refusing to hold that no market value of the chickens stolen from Peterson was established. The record discloses that Peterson has, for years, been breeding Plymouth Rocks in an endeavor to establish a high-grade flock for breeding purposes. To that end, he has purchased from time to time high-grade cockerels and has, by a selection process each year, succeeded in developing a flock that produces very large eggs that sell above the normal price for standards. He testified that the chickens were worth at least five dollars apiece for breeding purposes, and that he never raised them for food consumption, although at times they had eaten some at home. A neighbor, Mr. Wallace, also gave some testimony that chickens of this character would be worth about twenty-five dollars for a trio of two hens and one cockerel.

It is said that the court should have instructed the jury that the appellants could only have been found guilty of petit larceny, since the market value of the chickens, if sold for food consumption, would be less than twenty-five dollars. There was no evidence controverting the testimony of the state as to the value of the chickens for breeding purposes, and we think it clearly sufficient to base a verdict thereon. It also seems obvious that the market value to be arrived at, in such a case as this, does not mean the market value for food consumption, but the market value for the purposes for which the thing taken is intended and best adapted. 36 C. J. 801.

Prize animals, of whatever character, are not sold in the market for food consumption, and it would be

as unjust to say that high-grade selected chickens should be valued by the pound for food consumption as to say that a prize-winning milch cow should be valued by a consideration of what a packer would pay per pound for the animal to be used for beef. *Fuson v. Commonwealth*, 173 Ky. 238, 190 S. W. 1095.

[2] The last assignment of error is that counsel for the state committed prejudicial error in his opening statement. While an argument might well be made that the prosecutor's statement was fully justified by the evidence which he later adduced, it appears that, upon objection, the court instructed the jury to disregard the statement. We have repeatedly held that a statement of a prosecutor, not made in bad faith, to which objection is timely made and the jury instructed to disregard it, is not reversible error. See *State v. Edelstein*, 146 Wash. 221, 262 Pac. 622, and cases there cited.

The judgment is affirmed.

FULLERTON, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.