[No. 293-3.    Division Three.    June 14, 1971.]

BERNARD BARTON, *Appellant*, v. HAROLD J. DAHMEN *et al.*, *Respondents.*

*Richard R. Loucks,* for appellant.

*Charles O. Shoemaker, Jr.* (of *Aitken, Schauble & Shoemaker*), for respondents.

MUNSON, C.J.—Plaintiff, Bernard Barton, appeals from a summary judgment for defendants in a lawsuit based upon tortious interference with a business expectancy.

The pleadings, motion, supporting and controverting affidavits before the court show:

Ted Beasley, salesman for plaintiff, and Houston Jones, as seller, entered into an oral listing agreement for the sale of the latter's 26-unit apartment house. A termination date for said agreement, although disputed by Beasley, was set

by Jones for April 1, 1969. This deadline was extended to April 15, 1969. During the running of this "contract" plaintiff's salesman attempted to negotiate a sale between defendants and Jones. The maximum amount defendants offered, however, was $290,000, $17,000 less than Jones was asking. Negotiations were terminated on April 13 or 14. On April 16, 1969 Jones ran an advertisement in an Idaho newspaper listing the apartment house for sale at $290,000. Thereafter a mutual friend brought Jones and defendants together, at which time Jones offered the property to them at their prior offer. The affidavit of Jones states:

> Without the influence of any individual, I decided to handle the sale of the "26 unit" myself, because Beasley had not gotten any results by the deadline I had set. My decision to sell directly, and not through a realtor, was not in any way caused by anything either [defendant] or anyone on their behalf said to me or anyone else.

■ The elements of the instant tort are: (1) the existence of a business expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing or causing a termination of the expectancy; and (4) resultant damage to the party whose expectancy has been disrupted. *Corinthian Corp. v. White & Bollard, Inc.,* 74 Wn.2d 50, 442 P.2d 950 (1968); *Calbom v. Knudtzon,* 65 Wn.2d 157, 396 P.2d 148 (1964); 4 Restatement of Torts § 766 (1939). The trial court found issues of material fact with regard to (1), (2) and (4) above, but not as to (3).

■ There are no evidentiary facts posited by plaintiff which, if established, would tend to prove defendants intentionally interfered with plaintiff's business expectancy; nor are there any evidentiary facts presented which would support an inference to that effect. *Cf. Preston v. Duncan,* 55 Wn.2d 678, 682, 349 P.2d 605 (1960). Consequently, the trial court properly granted defendants' motion. *Felsman v. Kessler,* 2 Wn. App. 493, 468 P.2d 691 (1970) is distinguishable from the instant case in that here there is an uncon-

troverted affidavit of the "disinterested person", *i.e.*, Jones. Judgment affirmed.

GREEN and EVANS, JJ., concur.