[No. 9473-4-I. Division One. December 14, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD L. ROGERS, *Appellant.*

*John T. Robson, Jr.,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

JAMES, C.J.—Richard Rogers appeals his conviction of and sentence for possession of stolen property in the second degree.[1] We affirm the conviction and remand for further proceedings concerning the sentence.

Hughes & Sons Trucking (Hughes) leased a 1968 Peterbilt truck for use in a lumber transport business. The truck was parked at a Fife truck stop on January 23. It was seen at Roger's business premises on several occasions between January 24 and February 7, when Hughes discovered that the truck was missing. The truck was never recovered. Rogers was convicted following a bench trial. Sentencing

---

[1] RCW 9A.56.160 provides:

"(1) A person is guilty of possessing stolen property in the second degree if:

". . .

"(d) He possesses a stolen motor vehicle of a value less than one thousand five hundred dollars; . . ."

was deferred on the condition that Rogers pay restitution. The amount of restitution was initially set at $27,551.04, and subsequently reduced to $9,500.

■ Rogers first contends the trial judge erred in finding that the elements of second degree possession of stolen property were proved beyond a reasonable doubt where there was no evidence presented that the property possessed a specific market value. We do not agree.

The State must present evidence of fair market value only when the State seeks to convict a defendant of an offense relating to property having a value *greater than* a specific amount. *State v. Clark,* 13 Wn. App. 782, 537 P.2d 820 (1975); *State v. Duncan,* 148 Wash. 57, 268 P. 139 (1928). No proof of value is required for conviction of second degree possession of a motor vehicle having a value less than $1,500. *See, e.g., State v. Rhinehart,* 92 Wn.2d 923, 602 P.2d 1188 (1979) (where no proof of value was necessary for conviction of possession of stolen property in the third degree).

■ Rogers next contends the trial judge erred by failing to grant his motion for a new trial on the basis of newly discovered evidence. The "newly discovered evidence" is a statement made by one Curt Krause that he delivered the truck to Rogers at Hughes' direction as part of an insurance fraud scheme. Rogers contends Krause's statement would have established that the truck was not in fact stolen. We do not agree.

A new trial will not be granted on [the basis of newly discovered evidence] unless the moving party demonstrates that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.

(Italics omitted.) *State v. Williams,* 96 Wn.2d 215, 223, 634 P.2d 868 (1981); *State v. Franks,* 74 Wn.2d 413, 445 P.2d 200 (1968). Rogers' argument assumes Hughes could authorize Rogers to "part out" the truck. But Hughes was

merely the lessee of the truck, not its owner. Absent proof that Hughes' lease authorized Hughes to "part out" the truck, such conduct by Hughes would constitute "unauthorized control," RCW 9A.56.010(7)(b), amounting to "theft," as defined by RCW 9A.56.020. The evidence, even if believed, would not have changed the result of the trial. The trial judge did not err. Rogers was properly convicted of possessing stolen property.

The trial judge ordered restitution pursuant to RCW 9.92.060, which provides:

> Whenever any person shall be convicted . . ., the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended . . . *Provided,* That as a condition to suspension of sentence, the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question, . . .

Rogers contends the trial judge erred in setting the amount of restitution. He first asserts that he should not be required to pay the full value of the stolen truck where he was convicted only of possessing stolen property rather than theft of the property. We do not agree.

 To convict a defendant of possession of stolen property, the State is not required to prove the defendant engaged in an unlawful initial taking, as would be required in a theft prosecution. *State v. Richards,* 27 Wn. App. 703, 621 P.2d 165 (1980); *State v. Ketterman,* 89 Wash. 264, 154 P. 182 (1916). The trial judge entered a finding that Rogers disposed of parts of the truck and was to be paid a commission for doing so. Where the defendant's proven "possession" is part of a scheme to dispose of property, and thereby leads to permanent deprivation of an owner's property, a defendant is chargeable with such deprivation, and restitution for the value of the item is proper.

Rogers secondly asserts that the trial judge erred in

ordering him to pay restitution in an amount greater than $1,500 because he was convicted of the crime of possessing property having a value of less than $1,500. We do not agree.

Rogers relies primarily upon *State v. Eilts,* 23 Wn. App. 39, 596 P.2d 1050 (1979), *aff'd,* 94 Wn.2d 489, 617 P.2d 993 (1980). *Eilts* holds that a defendant can only be required to pay restitution to those persons who were victims of the crime or crimes of which the defendant was convicted. *Accord, In re Gardner,* 94 Wn.2d 504, 617 P.2d 1001 (1980). Unlike the defendant in *Eilts,* Rogers was not ordered to pay restitution to any person who did not suffer a loss through Rogers' possession of the stolen truck.

The objectives of allowing restitution as an alternative to imprisonment are to provide reparation to the victims of crime and to prevent future offenses. *State v. Eilts, supra; State v. Summers,* 60 Wn.2d 702, 375 P.2d 143 (1962); *County of Spokane v. Farmer,* 5 Wn. App. 25, 486 P.2d 295 (1971). Consistent with these objectives, judgments providing monetary compensation for the victim's pain and suffering, *State v. Morgan,* 8 Wn. App. 189, 504 P.2d 1195 (1973), for payment of the victim's funeral expenses, *State v. Summers, supra,* and general damages for the victim's death paid to surviving family members, *State v. Gunderson,* 74 Wn.2d 226, 444 P.2d 156 (1968), *overruled on other grounds in State v. Gosby,* 85 Wn.2d 758, 539 P.2d 680 (1975), have been approved. If the victims of the crime have sustained a loss greater than the value shown in support of the conviction, it does not serve the objective of reparation to those victims to limit restitution to the lesser amount.

Enactment of RCW 9A.20.030(1), although not applied here, indicates the legislature does not contemplate restrictions upon orders of restitution which are inconsistent with such remedial and deterrent objects. If a defendant "has gained money or property or caused a victim to lose money or property through the commission of a crime, . . ." the defendant may be ordered to pay, in lieu of a fine, restitu-

tion to the victim in an amount "*not to exceed double the amount* of the . . . victim's loss". (Italics ours.) RCW 9A.20.030(1). *Accord, In re Gardner, supra; State v. Cameron,* 30 Wn. App. 229, 633 P.2d 901 (1981). Consistent with RCW 9A.20.030(1), a defendant could be ordered to pay restitution which exceeds the maximum value of property prescribed for conviction of the underlying offense.

Courts in other jurisdictions have approved restitution orders in amounts greater than proven for conviction. *See State v. Foltz,* 14 Or. App. 582, 513 P.2d 1208 (1973); *People v. Gallagher,* 55 Mich. App. 613, 223 N.W.2d 92 (1974); *State v. McClanahan,* 194 Neb. 261, 231 N.W.2d 351 (1975); *Cooper v. State,* 356 So. 2d 911 (Fla. Dist. Ct. App. 1978), *rev'd on other grounds,* 377 So. 2d 1153 (Fla. 1979). Finally, adoption of Rogers' contention would create a discrete category of lesser degree theft and possession of stolen property offenses which entail a precise limit upon restitution found in no other offenses. We conclude that the trial judge was not limited to ordering restitution of $1,499 to the victim of Rogers' offense, if it is demonstrated that the amount of loss exceeded that figure.

Although RCW 9.92.060 does not specifically require a finding as to the amount of the victim's loss, the trial judge's authority under RCW 9.92.060 is limited to ordering "restitution" to the victims.

■ Here, two widely disparate amounts of restitution were fixed. No findings, no verbatim report, and no affidavits or other evidence have been provided us pertinent to the determination of the amount of restitution. Where the amount of restitution so greatly exceeds the amount proven for conviction of the crime, we cannot presume that the amount ordered is appropriate to make reparation to the victim. Accordingly, we remand to the trial judge for the

entry of findings as to the amount of the loss suffered by the victims.

CALLOW and DURHAM, JJ., concur.