[Nos. 21617–1–I; 22072–1–I.   Division One.   May 15, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. KEITH A. SELLAND, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Philip Jans, Deputy,* for respondent.

WEBSTER, J.—Keith A. Selland appeals a restitution award entered following his conviction of third degree malicious mischief. Selland maintains that the trial court erred in imposing restitution in the amount of $552.81 when the statutory definition of the crime for which he was convicted specifies that a defendant cause less than $250 property damage.

## FACTS

Selland and a companion exploded two large firecrackers near a mobile home in Enumclaw, Washington. The firecrackers blew a hole in the side of the mobile home.

The State convicted Selland of third degree malicious mischief. The court ordered him to serve 3 months' community supervision, 4 hours' community service, and to pay restitution to the victim. After two hearings, the court determined that Selland should pay $552.81 in restitution to the owner of the mobile home.

## DISCUSSION

To be convicted of third degree malicious mischief requires a person to maliciously cause physical damage to the property of another under circumstances not amounting to first or second degree malicious mischief. RCW 9A.48-.090(1). If the person causes damages over $250 the crime constitutes second degree malicious mischief. RCW 9A.48-.080(1)(a). Selland maintains that the scope of the restitution order must be limited to the precise offense charged, citing *State v. Berman,* 50 Wn. App. 125, 132, 747 P.2d 492 (1987), *review denied,* 110 Wn.2d 1019 (1988); *State v. Ashley,* 40 Wn. App. 877, 878, 700 P.2d 1207 (1985). He argues that, because his precise offense is malicious mischief defined as causing $250 or less in damage, the restitution award may not exceed $250.

Selland's reliance on the above cases is misplaced. In *State v. Berman, supra,* the defendant had accepted money from a customer on two separate occasions to furnish computer software but failed to perform. 50 Wn. App. at 127. The defendant was charged and convicted for only one of the incidents. 50 Wn. App. at 127. The trial court, however, required the defendant to repay the money received from both transactions, including the one for which defendant was not charged. 50 Wn. App. at 127. The Court of Appeals held that the trial court erred in requiring the defendant to make restitution in an amount in addition to that for which he was charged.

*State v. Ashley, supra,* involved a similar problem. The defendant had committed two separate assaults but was only charged and convicted for one. 40 Wn. App. at 878. Again, the court held that the trial court may require the

defendant to make restitution to the victim only for the injuries caused by the offense charged. 40 Wn. App at 879.

In still another case, the court held that the trial court may not order restitution in an amount beyond the crime in question or for uncharged offenses. *State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984). In *Mark,* the defendant was charged with grand larceny committed over a 13–month period but was required to make restitution for acts covering a 3–year period. 36 Wn. App. at 431. The court held that the defendant could only be required to make restitution of the property stolen during the 13–month period.

We do not read the above cases to require Selland's restitution to be limited by the definition of the crime of which he was convicted. Unlike the cases discussed above, Selland has been ordered to pay restitution only for the damages caused by the offense for which he was charged. Selland has not been required to make restitution for damages caused by an act for which he was not tried and convicted.

In *State v. Rogers,* 30 Wn. App. 653, 638 P.2d 89 (1981), the court upheld a restitution award which exceeded the value of goods specified in the statute defining the offense. Rogers was convicted of possession of stolen property having a value less than $1,500. 30 Wn. App. at 657. The trial court required the defendant to pay $9,500 in restitution to the victim. 30 Wn. App. at 655. The Court of Appeals held that, on remand, the trial court would not be limited to ordering restitution of only $1,499 if the State demonstrated that the amount of loss exceeded that figure.

Selland correctly notes that in *Rogers,* the court suspended a sentence on condition that the defendant pay restitution. *Rogers,* at 654–55. Here, Selland received a sentence of community supervision, community service *and* was ordered to pay restitution to the victim. While *Rogers* may be factually dissimilar to our case, its reasoning is nevertheless sound. Restitution both provides reparation to victims and helps to prevent future offenses. *Rogers,* at 657.

"If the victims of the crime have sustained a loss greater than the value shown in support of the conviction, it does not serve the objective of reparation to those victims to limit restitution to the lesser amount." *Rogers,* at 657.

The Legislature has empowered the courts to require a convicted juvenile to make "restitution to any persons who have suffered a loss or damage as a result of the offense committed." RCW 13.40.190(1). We are not inclined to limit this legislation simply because a prosecutor may have chosen to charge a person with a lesser offense than the evidence would have permitted. Selland's proposal would severely restrict a prosecutor's ability to negotiate settlements. Prosecutors would be forced to decide which crime to charge based on an estimate of the restitution likely to be awarded. In addition, we do not see that the interest of restoring a victim's loss would be at all served by limiting the value of restitution to the crime charged.

Affirmed.

PEKELIS and FORREST, JJ., concur.

Review denied at 113 Wn.2d 1011 (1989).