163 P.3d 796 (2007)
STATE of Washington, Respondent,
v.
S.T., Dob: 04/21/87, Appellant.
No. 58251-8-I.
Court of Appeals of Washington, Division 1.
August 6, 2007.
Nancy P. Collins, Washington Appellate Project, Seattle, WA, for Appellant.
Valiant L. Richey, King Co. Prosecutor's Office, Seattle, WA, for Respondent.
APPELWICK, C.J., BECKER and ELLINGTON, JJ.
PER CURIAM.
¶ 1 Two days after a car was stolen, police found it in a parking lot with appellant S.T., a juvenile, sitting in the driver's seat. The State charged S.T. with taking a motor vehicle without permission. She entered a guilty plea to an amended charge of attempted taking. In this appeal, she challenges a court order requiring her to pay restitution for personal property that disappeared from the car after it was stolen. We reject S.T.'s argument that the loss of the personal property can be attributed only to a person who is convicted of a completed taking. Her conduct, as documented in the certification for probable cause, is sufficient to prove either an attempt or a completed taking, and the court did not abuse its discretion in finding her conduct to be causally related to the loss of the property.
¶ 2 According to the certification for probable cause, a Honda Accord was stolen from a store parking lot in Renton on September 22, 2004. Two days later, someone familiar with the car saw it idling in an apartment parking lot with a female sitting in the driver's seat. The police were notified. When *797 police arrived, the female, appellant S.T., got out of the car and began to walk away. She was apprehended. Inspection of the car revealed a punched ignition and a towel draped over the steering column.
¶ 3 After being advised of her rights, S.T. spoke with Officer Sjolin. At first, she denied having been in the car, but eventually said that an acquaintance had picked her up in the car and she had been sitting in the driver's seat of the car waiting for him to come back.
¶ 4 The State initially charged S.T. with taking a motor vehicle without permission in the second degree. She entered an Alford[1] plea to the amended charge of attempted taking of a motor vehicle without permission in the second degree. S.T. agreed that the court could review the probable cause certification to establish a factual basis for the plea.[2] At a restitution hearing, S.T. agreed to pay $4,677.57 in restitution for damage to the car and the victim's insurance deductible. She objected to the State's request that she be liable for the additional sum of $1,814.96, the value of personal property  CD's, a DVD player, and expensive stereo equipment  that had disappeared from the Honda after it was stolen. The trial court ordered restitution for the full amount of the damage, including the missing personal property. On appeal, S.T. contends the trial court lacked authority to require her to make restitution for the lost property, and asks that the restitution award be reduced by $1,814.96.
¶ 5 An order of restitution is reviewed for abuse of discretion. State v. Dauenhauer, 103 Wash.App. 373, 377, 12 P.3d 661 (2000). Discretion is abused only when exercised in a manifestly unreasonable manner or on untenable grounds. Dauenhauer, 103 Wash.App. at 378, 12 P.3d 661.
¶ 6 Under the juvenile restitution statute, "the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." RCW 13.40.190. This means that a juvenile court's restitution order is authorized "if a causal connection exists between the crime as a whole and the property loss and damage." State v. Hiett, 154 Wash.2d 560, 565, 115 P.3d 274 (2005). When others have participated in the crime along with the respondent, "all such participants shall be jointly and severally responsible for the payment of restitution." RCW 13.40.190(1).
The statutory provision for joint and several responsibility demonstrates the legislature's intent: an individual's actual conduct does not determine the extent of his responsibility for restitution; instead, all acts which form the crime are imputed, for restitution purposes, to any participant.
Here, the relevant crime is defined as "intentionally tak[ing] or driv[ing] away any automobile or motor vehicle" without permission or "voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that [it] was unlawfully taken." Former RCW 9A.56.070(1). Taking the vehicle is an act which is necessary to commit the crime and is thus imputed to a knowing and voluntary rider who is, by statute, equally guilty with the person taking or driving the vehicle. Id.

Under the restitution statute, then, the juvenile court's order is authorized if a causal connection exists between the crime as a whole and the property loss and damage.
Hiett, 154 Wash.2d at 565, 115 P.3d 274.
¶ 7 A sufficient causal connection exists if, "but for the criminal acts of the defendant, the victim would not have suffered the damages for which restitution is sought". State v. Landrum, 66 Wash.App. 791, 799, 832 P.2d 1359 (1992). The court looks to the underlying facts of the charged offense, not the name of the crime to which the defendant entered a plea. Landrum, 66 Wash.App. at 799, 832 P.2d 1359 (restitution for the victim's counseling costs for sexual assault was proper even though defendants pleaded to lesser charges of fourth degree assault since it was undisputed that the assaults *798 were of a sexual nature). Here, the facts underlying the charged offense establish the causal connection. S.T. was charged with taking a motor vehicle without permission. But for the taking, the vehicle would not have been damaged and the property in it would not have been lost.
¶ 8 S.T. contends that when the State amends a charge downward to facilitate a plea, as happened here, the statute authorizes restitution only for losses incurred as a result of the offense to which the defendant pleads. She asserts that because her conviction was only for an attempted taking, she can be liable only for the damage that resulted from the attempt.
¶ 9 The case law is not entirely clear on this point. Some cases state that a restitution order must be based on a causal relationship between "the crime charged and proven and the victim's damages." See, e.g., Dauenhauer, 103 Wash.App. at 378, 12 P.3d 661 (emphasis added). Arguably, such language suggests that when the State pleads the charge down to an attempt, it means the State lacks proof of the completed offense. S.T. has not, however, cited any cases in which the statute has been interpreted or applied in that manner.
¶ 10 To the contrary, this court has previously stated that the juvenile restitution statute will not be limited "simply because a prosecutor may have chosen to charge a person with a lesser offense than the evidence would have permitted." State v. Selland, 54 Wash.App. 122, 125, 772 P.2d 534 (1989). Limiting restitution by the definition of the crime of which the defendant was convicted "would severely restrict a prosecutor's ability to negotiate settlements" and would not serve the interest of restoring a victim's loss. Selland, 54 Wash.App. at 125, 772 P.2d 534.
¶ 11 These comments in Selland are particularly apt here. Although S.T. contends it was someone else who stole the car two days earlier, her citation to the record does not bear this out as it refers to comments of defense counsel, not evidence. The record shows that the only person known to be illegally involved with the vehicle was S.T. And even if the record did establish that someone else took the car initially, that would not mean the State lacked proof sufficient to convict S.T. of the taking as well. S.T. was found sitting in the driver's seat of an idling stolen vehicle with an obvious punched ignition. These facts would prove either an attempt or a completed taking of the motor vehicle. That the prosecutor elected to seek conviction for an attempt, a lesser offense than the evidence would have permitted, should not be allowed to frustrate the intent of the restitution statute.
¶ 12 This is not a case where the restitution order was based on a defendant's general scheme or acts not part of the charge. See, e.g., State v. Miszak, 69 Wash.App. 426, 428, 848 P.2d 1329 (1993) (probable cause certification for theft charge set forth four specific items of jewelry; defendant who pleaded guilty to attempted theft could be ordered to pay restitution for the one item he admitted taking, but not for all 13 items included in the order). In this case, restitution was based on the precise offense charged and the acts that were part of that charge.
¶ 13 S.T. relies on State v. Tetters, 81 Wash.App. 478, 914 P.2d 784 (1996). There, restitution for property that had disappeared from a stolen vehicle was not awardable where the charged crime was possession of stolen property. "Tetters's mere possession of the vehicle is neither sufficiently, nor necessarily, related to the lost personal property. He cannot be obligated to pay restitution for those items." Tetters, 81 Wash.App. at 481, 914 P.2d 784. This case is not like Tetters because the crime charged was not a mere possessory crime. The crime charged was taking a motor vehicle without permission. The unique features of taking a motor vehicle without permission have made it challenging to develop a predictable analytical framework for orders of restitution. But it is now settled that restitution may be ordered for all damages arising from the crime as a whole, not just those directly caused by the juvenile defendant's individual conduct. Hiett, 154 Wash.2d at 564-66, 115 P.3d 274.
¶ 14 In this case, a car was taken without permission. The crime as a whole was established by the fact that it was missing for two days, not just that S.T. was found sitting in it *799 at a particular moment in time. In that respect, this case is like Hiett. True, defendants in Hiett were convicted of taking, while S.T. was convicted only of attempt. But S.T. has not shown that distinction to be material where the crime charged was a completed taking, the available proof supported that charge, and the conviction for the lesser offense of attempt occurred as the result of a plea bargain.
¶ 15 Affirmed.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] Clerk's Papers at 8 (Statement on Plea of Guilty, August 24, 2005).