[No. 63049-1-I. Division One. April 5, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL DARREL MILAM, *Appellant*.

366

*Jennifer M. Winkler* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Dennis J. McCurdy, Deputy,* for respondent.

¶1 Cox, J. — Michael Milam appeals his judgment and sentence for second degree theft and second degree identify theft, claiming that his convictions violate the constitutional prohibition against double jeopardy. Because the two crimes are not the same in law under the "same evidence" test, we disagree and affirm.

¶2 In October 2007, Milam used a stolen automated teller machine (ATM) card and personal identification number (PIN) to withdraw $360 from an ATM. The State charged him with second degree theft and second degree identity theft. A jury convicted him as charged.

¶3 The trial court imposed a standard range drug offender sentencing alternative sentence and ordered Milam to pay a $500 victim penalty assessment and a $100 DNA

(deoxyribonucleic acid) collection fee. The court waived all nonmandatory costs, fees, and assessments.

¶4 Milam appeals.

## DOUBLE JEOPARDY

¶5 Milam argues that his convictions for second degree theft and second degree identity theft, based on his use of a stolen ATM card and PIN to withdraw $360 from an ATM, violate double jeopardy. We disagree.

¶6 The State may bring multiple charges arising from the same criminal conduct in a single proceeding.[1] But the double jeopardy clauses of the United States and Washington State Constitutions protect against multiple punishments for the same offense.[2]

¶7 If a defendant's acts support charges under two different criminal statutes, we must determine whether the legislature intended to authorize multiple punishments for the crimes in question.[3] If the applicable statutes expressly permit multiple punishments, there is no violation of double jeopardy.[4]

¶8 If the statutes do not speak to multiple punishments for the same act, we turn to the "same evidence" rule of construction.[5] Multiple convictions violate double jeopardy under the "same evidence" test if they are the same "in law" and "in fact."[6] "If each offense includes an element not included in the other, and each requires proof of a fact the

---

[1] *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005).

[2] U.S. Const. amend. V; Wash. Const. art. I, § 9; *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995).

[3] *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995); *Freeman*, 153 Wn.2d at 771.

[4] *Freeman*, 153 Wn.2d at 771-73; *State v. Hughes*, 166 Wn.2d 675, 681-82, 212 P.3d 558 (2009).

[5] *Hughes*, 166 Wn.2d at 681-82.

[6] *State v. Louis*, 155 Wn.2d 563, 569, 120 P.3d 936 (2005).

other does not, then the offenses are not constitutionally the same under this test."[7]

¶9 Even if the two statutes pass the "same evidence" test, multiple convictions may not stand if the legislature has otherwise clearly indicated its intent that the same conduct or transaction should not be punished under both statutes.[8]

¶10 We review de novo whether multiple punishments violate the constitutional protections against double jeopardy.[9]

## *Legislative Intent*

¶11 The first question is whether the legislature intended to punish separately identity theft and second degree theft. We conclude that neither of the former versions of these statutes that were in effect in October 2007[10] expresses a clear legislative intent to authorize punishment under both statutes for the same act or transaction.

¶12 Former RCW 9.35.020 (2004), the statute defining "identity theft" in effect in October 2007, provided in relevant part:

(1) No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime.

. . . .

(3) Violation of this section when the accused or an accomplice uses the victim's means of identification or financial

---

[7] *Hughes*, 166 Wn.2d at 682 (citing *State v. Jackman*, 156 Wn.2d 736, 747, 132 P.3d 136 (2006)).

[8] *Jackman*, 156 Wn.2d at 746.

[9] *State v. Daniels*, 160 Wn.2d 256, 261, 156 P.3d 905 (2007).

[10] *State v. Brewster*, 152 Wn. App. 856, 859, 218 P.3d 249 (2009) (Under the common law, pending cases must be decided according to the law in effect " 'at the time of the decision.' " (quoting *State v. Zornes*, 78 Wn.2d 9, 12, 475 P.2d 109 (1970))).

information and obtains an aggregate total of credit, money, goods, services, or anything else of value that is less than one thousand five hundred dollars in value, or when no credit, money, goods, services, or anything of value is obtained shall constitute identity theft in the second degree. Identity theft in the second degree is a class C felony punishable according to chapter 9A.20 RCW.

¶13 Former RCW 9A.56.040 (2007), the statute defining "theft in the second degree" in effect in October 2007, provided in relevant part:

(1) A person is guilty of theft in the second degree if he or she commits theft of:

(a) Property or services which exceed(s) two hundred and fifty dollars in value, . . . other than a firearm as defined in RCW 9.41.010 or a motor vehicle.

¶14 "Theft" was defined then, as it is now, as "[t]o wrongfully obtain or exert unauthorized control over the property . . . of another . . . with intent to deprive him or her of such property. . . ."[11]

¶15 There is nothing in either of these statutes that either party has called to our attention that shows a legislative intent to authorize multiple punishments for these offenses. Thus, we must next apply the "same evidence" test to determine if the two offenses are the same "in law" and "in fact."[12]

### "Same Evidence" Test

¶16 This test has both a legal prong and factual prong. "If each offense includes an element not included in the other, and each requires proof of a fact the other does not, then the offenses are not constitutionally the same under

---

[11] RCW 9A.56.020(1)(a).

[12] *Calle*, 125 Wn.2d at 777; *Freeman*, 153 Wn.2d at 772.

this test" and the double jeopardy clause does not prevent convictions for both offenses.[13]

¶17 The State does not dispute that the factual prong of this test is satisfied. The same acts proved both crimes in this case. Here, the charge for second degree identity theft was that Milam used another's financial information—an ATM card and PIN—to steal $360. The jury convicted him as charged. Likewise, the jury also convicted him of theft based on the same $360. But this factual analysis does not end our inquiry. We next consider whether the two crimes are also the same in law.

¶18 Theft in the second degree required proof that the defendant wrongfully deprived another person of property with a value between $250 and $1,500.[14] Thus, value is an essential element of that crime.

¶19 On the other hand, second degree identity theft required proof that the defendant knowingly obtained, possessed, used or transferred a means of identification or financial information with *intent* to commit another crime.[15] Commission of another crime was not an element of the identity theft statute. The supreme court made this clear in *State v. Baldwin*.[16]

¶20 There, Baldwin was convicted of three counts of identity theft and two counts of forgery.[17] He challenged the multiple convictions on the basis that they violated the prohibition against double jeopardy.[18] This court disagreed.[19] On review, the supreme court followed the same analysis that we do here, concluding that the same evidence

---

[13] *Hughes*, 166 Wn.2d at 682 (citing *Jackman*, 156 Wn.2d at 747).

[14] Former RCW 9A.56.040(1)(a) (2007); RCW 9A.56.020(1)(a).

[15] Former RCW 9.35.020 (2004).

[16] 150 Wn.2d 448, 78 P.3d 1005 (2003).

[17] *Id.* at 451.

[18] *Id.* at 453.

[19] *Id.* at 455.

test was not satisfied.[20] Specifically, the court cited this court with approval, stating, "[I]dentity theft only 'requires use of a means of identification with the *intent* to commit an unlawful act.' "[21]

¶21 The identity theft statute that was before the court in that case was former RCW 9.35.020 (1999). There is no material difference between the identify theft statute on which the supreme court relied in *Baldwin* and the 2004 version of the statute that is now before us for purposes of the same evidence test.[22] Both statutes required proof of a knowing use of financial information of another with the *intent* to commit a crime. In contrast, second degree theft required proof that one wrongfully obtained the property of another with intent to deprive him or her of the property.[23] The elements of identity theft and second degree theft were not the same in law.

¶22 Milam argues that in this case, "proof of theft of property, money in this case, was also an element of second degree identity theft under [former RCW 9.35.020 (2004)]."[24] That is not the case.

¶23 As this court held in *State v. Leyda*,[25] the reference to value in the second degree identity theft statute "establishes a ceiling above which the offense is elevated to a higher degree, not a floor that must exist to support the charge or conviction. Thus, value is not an essential ele-

[20] *Id.*

[21] *Id.* (some emphasis added) (quoting *State v. Baldwin*, 111 Wn. App. 631, 641, 45 P.3d 1093 (2002)).

[22] *Compare* former RCW 9.35.020(1) (1999) ("No person may knowingly use or knowingly transfer a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity harming or intending to harm the person whose identity is used, or for committing any felony."), *with* former RCW 9.35.020(1) (2004) ("No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime.").

[23] Former RCW 9A.56.040(1)(a) (2007); RCW 9A.56.020(1)(a).

[24] Brief of Appellant at 10.

[25] 122 Wn. App. 633, 94 P.3d 397 (2004), *rev'd in part on other grounds*, 157 Wn.2d 335, 138 P.3d 610 (2006).

ment of . . . second degree identity theft . . . , and need not be alleged in the charging document or included in jury instructions" in order to obtain a conviction.[26] Again, the version of the identity theft statute that was before the *Leyda* court is not materially different from the version of the statute now before us.[27] In short, proof of theft of $360 was not an essential element of second degree identity theft.

¶24 Relying on *State v. Hughes*,[28] Milam argues that where statutory elements of different crimes are not facially identical, close consideration may reveal the differences to be illusory. *Hughes* does not command a different result here.

¶25 Hughes was convicted of one count of rape of a child in the second degree and one count of rape in the second degree based on the victim's inability to consent.[29] Both charges were based on a single act of sexual intercourse with a child.[30] There, the court considered whether the two statutes contained language that, on closer consideration, showed similar elements.[31] The court held that although the elements of the crimes were facially different, both statutes protected individuals who are unable to consent by reason of their status and therefore were the same in law.[32]

¶26 Here, on the other hand, Milam attempts to use jury instructions to demonstrate that the distinction between his two crimes is illusory based on the fact that the "to

---

[26] *Id.* at 640.

[27] *Compare* former RCW 9.35.020(1) (2001), *with* former RCW 9.35.020(1) (2004) (both stating, "No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime.").

[28] 166 Wn.2d 675, 212 P.3d 558 (2009).

[29] *Id.* at 679.

[30] *Id.*

[31] *Id.* at 683-84.

[32] *Id.* at 684.

convict" instruction for the charge of second degree identity theft read as follows:

> To convict the defendant of the crime of identity theft in the second degree, as charged in count 2, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1)    That on or about the 8th of October, 2007, the defendant obtained or possessed or used financial information of another person, living or dead;
>
> (2)    That the defendant did so with the intent to commit, or to aid or abet, any crime;
>
> (3)    ***That the defendant used that financial information and obtained an aggregate total of money less than [$1,500].***[33]

¶27 *State v. Hickman*[34] requires the State to prove all of the elements in a "to convict" instruction, whether or not those elements are statutory elements.[35] But nothing in either *Hughes* or *Hickman* requires a departure from the traditional double jeopardy analysis comparing the elements of the crimes, as stated in the statutes.

¶28 When a single trial and multiple punishments for the same act or conduct are at issue, the dispositive question is whether the legislature intended to punish both crimes separately.[36] The focus of the "same evidence" test is on the statutory provisions at issue: " 'whether each provision *requires proof of a fact* which the other does not.' "[37] Here, the elements of the two statutes are different and that difference is not illusory.

¶29 Based on the above analysis, we conclude that second degree identity theft and second degree theft are not

---

[33] Clerk's Papers at 63 (emphasis added).

[34] 135 Wn.2d 97, 954 P.2d 900 (1998).

[35] *Id.* at 102.

[36] *Freeman*, 153 Wn.2d at 771-72.

[37] *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 817, 100 P.3d 291 (2004) (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

the same in law. Each "contains an element that the other does not, [thus] we presume that the crimes are not the same offense for double jeopardy purposes."[38]

¶30 A defendant may rebut this presumption with other evidence of legislative intent.[39] Thus, the remaining question is whether there are other clear indications that the legislature intended not to allow multiple punishments for second degree theft and second degree identity theft.[40] Multiple convictions may not stand if the legislature has otherwise clearly indicated its intent that the same conduct or transaction should not be punished under both statutes.[41]

¶31 Milam offers no evidence to show that the legislature did not authorize multiple punishments for these two offenses. Thus, no further inquiry is required.

¶32 For these reasons, we conclude that Milam's convictions do not violate the constitutional prohibitions against double jeopardy.

¶33 The State argues that the legislature's amendment of RCW 9.35.020, the identify theft statute, in 2008 to include an antimerger provision evidences its intent that prior versions of the statute should be construed to authorize multiple punishments. Because we have decided the double jeopardy issue on the basis of the "same evidence" test, we need not reach this alternative argument.

¶34 We affirm the judgment and sentence.

¶35 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

APPELWICK and SCHINDLER, JJ., concur.

Reconsideration denied May 18, 2010.

Review denied at 169 Wn.2d 1023 (2010).

---

[38] *Freeman*, 153 Wn.2d at 772 (citing *Calle*, 125 Wn.2d at 777).

[39] *Id.*

[40] *State v. Womac*, 160 Wn.2d 643, 652, 160 P.3d 40 (2007).

[41] *Jackman*, 156 Wn.2d at 746.