**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47874-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CJL, | |
| Appellant. | |

BJORGEN, C.J. — CJL[1] appeals from his adjudication of guilt for unlawful possession of a
controlled substance, contending that substantial evidence did not support the juvenile court's
finding that the substance he possessed was methamphetamine. CJL also contends that the
juvenile court erred by ordering him to pay restitution for the stolen firearm that he was found to
have possessed. We affirm.

FACTS

On June 1, 2015, the State charged CJL with second degree burglary, first degree
trafficking in stolen property, theft of a firearm, second degree unlawful possession of a firearm,
unlawful possession of a controlled substance (methamphetamine), and third degree possession
of stolen property. The matter proceeded to a juvenile court bench trial.

At trial, defense counsel stipulated to the admission of a Washington State Patrol Crime
Laboratory report that stated:

Results and Conclusions

The white crystalline material in item 1A contains methamphetamine.

---

[1] Because the appellant was adjudicated as a juvenile, we find it appropriate to provide some
confidentiality in this case. Accordingly, it is hereby ordered that initials shall be used in the
case caption and in the body of the opinion when identifying the appellant and any juvenile
witnesses. RAP 3.4.

The burned residue in the glass smoking device in item 2 contains methamphetamine.

Evidence

Item 1A was a sealed paper bag containing two clear plastic cups and less than 0.1 gram of white crystalline material. The white crystalline material was inside one cup and the second cup was nestled inside the first and held in place with clear tape.

Item 2 was a sealed paper bag holding a glass smoking device containing burned residue.

Exh. 57. Although the report of proceedings and trial minutes do not indicate when this report was admitted as evidence, an exhibit list from the second day of trial shows that it was offered by the State and admitted at trial as exhibit 57.

At the conclusion of the bench trial, the juvenile court entered the following findings of fact relevant to this appeal:

19.     A short time after the gun was stolen, the defendant was arrested and brought to Wahkiakum County Superior Court. [ML], the defendant's friend, was present in court that day and heard that the hearing was about a gun.

20.     Sometime after that hearing, and after defendant was released from custody, the defendant showed [ML] the Grendel firearm that belonged to Mr. Ericson. They were at the defendant's house, and the defendant told [ML] that he knew who the gun had been stolen from, but that he did not steal it. He said that someone gave it to him. [ML] also saw defendant in possession of ammunition. The gun was never returned to Mr. Ericson.
. . . .
22.     On March 20, 2015, Defendant, [ML], and two other people took the bus from Wahkiakum County to Longview, WA.
. . . .  Sheriff's deputies stopped the bus and defendant was arrested. He was searched and a baggie was found in his pocket. In the baggie was a white, crystalline substance inside in a plastic communion cup, which matched the cups stolen from the Lutheran Church. That substance was tested by the [WSP] State Patrol lab and found to be methamphetamine.
. . . .
24.     Defendant possessed methamphetamine, a controlled substance.

Clerk's Papers (CP) at 86-88.

2

The juvenile court adjudicated CJL not guilty of theft of a firearm and guilty of second degree burglary, first degree trafficking in stolen property, second degree unlawful possession of a firearm, unlawful possession of a controlled substance, and third degree possession of stolen property. Following a restitution hearing, the juvenile court ordered CJL to pay restitution, including $225 for the value of the stolen pistol he had possessed.

CJL appeals from his unlawful possession of a controlled substance adjudication and from the portion of the restitution order requiring him to pay $225 for the value of the stolen pistol. We affirm.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

CJL first contends that there was insufficient evidence in support of his unlawful possession of a controlled substance conviction. We disagree.

A challenge to the sufficiency of evidence presented at a bench trial requires us to review whether substantial evidence supports the findings of fact and whether those findings support the conclusions of law. *State v. Homan*, 181 Wn.2d 102, 105-106, 330 P.3d 182 (2014), *on remand*, 191 Wn. App. 759 (2016). "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Homan*, 182 Wn.2d at 106.

CJL does not assign error to any of the juvenile court's factual findings, which would generally render the findings verities on appeal. *Homan*, 81 Wn.2d at 106. However, it is clear from the arguments in CJL's brief that he is challenging the portion of the juvenile court's finding 22 stating that the substance found on his person "was tested by the State Patrol lab and found to be methamphetamine," as well as the juvenile court's finding 24 stating that he "possessed methamphetamine." CP at 88. Accordingly, we review those findings for substantial

evidence in support. *See, e.g.*, *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995) (holding that the appellate court may review unassigned errors if the issues are reasonably clear from the arguments in the brief, the opposing party has not been prejudiced, and the court has not been overly inconvenienced).

To adjudicate CJL guilty of unlawful possession of a controlled substance, the State was required to prove beyond a reasonable doubt "[(1)] the nature of the substance and [(2)] the fact of [CJL's] possession." *State v. Kindsvogel*, 149 Wn.2d 477, 483, 69 P.3d 870 (2003); *State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994)). CJL challenges only the first element, asserting that substantial evidence did not support the juvenile court's finding that the substance he possessed was methamphetamine. In asserting this challenge, CJL does not contend that the crime lab report failed to supply the requisite proof of the nature of the substance. Instead, he contends that the report was not admitted as evidence and, thus, the juvenile court could not have relied on it in reaching its findings. We disagree.

While CJL is correct that the report of proceedings fails to indicate when the crime lab report was offered and admitted as evidence at trial, an exhibit list from the second day of trial shows that the crime lab report was offered by the State and admitted at trial as exhibit 57. Additionally, the report of proceedings itself provides further support that exhibit 57 was, in fact, admitted at trial. At the end of the evidentiary phase of the bench trial, the juvenile court requested the court clerk to state all the exhibits that had not been admitted during the trial. The court clerk then proceeded to recite all the exhibits that had not been admitted, which recitation did not include exhibit 57. Thus, the record shows that the crime lab report was admitted at trial as exhibit 57.

Because exhibit 57 provides substantial evidence to support the juvenile court's findings that the substance CJL possessed was methamphetamine, his sufficiency challenge fails. Accordingly, we affirm CJL's adjudication of guilt for unlawful possession of a controlled substance.

## II. RESTITUTION

Next, CJL contends that the juvenile court erred by ordering him to pay restitution for the stolen firearm that he was adjudicated guilty of possessing. Again, we disagree.

A juvenile court's authority to impose restitution is controlled by statute. *State v. Martin*, 137 Wn.2d 149, 155, 969 P.2d 450 (1999). We review a trial court's statutory authority to impose restitution de novo. *State v. Oakley*, 158 Wn. App. 544, 552, 242 P.3d 886 (2010).

The statute authorizing juvenile courts to award restitution, former RCW 13.40.190 (2014), provides in relevant part that a juvenile court "shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." Under this provision, a juvenile court has statutory authority to impose restitution "if a causal connection exists between the crime as a whole and the property loss [or] damage." *State v. Hiett*, 154 Wn.2d 560, 565, 115 P.3d 274 (2005). "A sufficient causal connection exists if, 'but for the criminal acts of the defendant, the victim would not have suffered the damages for which restitution is sought.'" *State v. S.T.*, 139 Wn. App. 915, 919, 163 P.3d 796 (2007) (quoting *State v. Landrum*, 66 Wn. App. 791, 799, 832 P.2d 1359 (1992)).

When determining whether a juvenile's offense was causally connected to a victim's damages, we are not limited to considering the elements of the offense. *S.T.*, 139 Wn. App. at 919. Instead, we look to the particular facts underlying the offense to determine if the requisite causal connection exists. *S.T.*, 139 Wn. App. at 919.

5

CJL contends that the juvenile court lacked statutory authority to impose restitution for the victim's stolen firearm because it adjudicated him not guilty of firearm theft. However, the facts underlying CJL's guilty adjudication for unlawful possession of a firearm established a causal connection between the victim's stolen firearm damages and CJL's offense. The juvenile court's unchallenged finding 20 established that CJL unlawfully possessed a firearm that he knew was stolen from Don Ericson and that the firearm was never returned to Ericson. Thus, but for the facts underlying CJL's unlawful possession of a firearm, namely CJL's knowing possession of a stolen firearm and his failure to return the firearm to the rightful owner, the victim would not have suffered the damages for which restitution was imposed. Accordingly, we affirm the juvenile court's restitution order.

### III. APPELLATE COSTS

CJL argues in his supplemental brief that if the State substantially prevails in this appeal, we should decline to impose appellate costs on him. Under RCW 10.73.160(1), we have broad discretion whether to grant or deny appellate costs to the prevailing party. *State v. Nolan*, 141 Wn.2d 620, 626, 8 P.3d 300 (2000); *State v. Sinclair*, 192 Wn. App. 380, 388, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016). Ability to pay is an important factor in the exercise of that discretion, although it is not the only relevant factor. *Sinclair*, 192 Wn. App. at 389.

CJL was declared indigent, and no evidence has been offered to rebut the presumption of continued indigency under RAP 15.2(f). Under these circumstances, we exercise our discretion

to deny appellate costs in the event the State requests them.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

JOHANSON, J.

MAXA, J.