[No. 33718-5-II.   Division Two.   April 17, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. SHARON L. THOMAS, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Michael C. Kinnie, Deputy*, for respondent.

¶1 PENOYAR, J. — Sharon Thomas appeals the trial court's order that she pay restitution for the medical treatment of her passenger's injuries imposed as part of her sentence for driving while under the influence of intoxicating liquor (DUI). She argues that when the jury refused to find her guilty of vehicular assault, it necessarily found her DUI did not cause the passenger's injuries. We affirm.

## FACTS

¶2 The State charged Thomas with one count of vehicular assault after Thomas drove a car involved in a single car accident that seriously injured passenger Jennifer Wohlgemuth. The State alleged that Thomas caused Wohlgemuth's injuries either by driving under the influence of alcohol or by driving with disregard for the safety of others.

¶3 At trial, the jury heard evidence that both Thomas and Wohlgemuth had been drinking at several bars. An analysis of blood drawn from Thomas three and a half hours after the accident revealed an alcohol concentration of 0.20, more than two times the 0.08 illegal level for driving. *See* RCW 46.61.502(1)(a). Wohlgemuth testified that Thomas was driving "fast," at a speed she sensed to be above the speed limit. 1 Report of Proceedings (RP) at 31. She also testified that Thomas was angry and distracted. Thomas told police that she was angry after leaving the last bar and did not know where she was driving or where the accident happened.

¶4 The State introduced expert testimony that Thomas had caused the accident; the defense introduced expert testimony that she had not. The accident occurred on an unlighted road on a night with high winds and heavy rain. Thomas testified that she had previously driven the same car on similar roads in the wind and rain without accident.

¶5 To convict Thomas of vehicular assault, the jury had to find beyond a reasonable doubt that either she drove under the influence *or* she drove with disregard for the safety of others *and* that one these actions was *a* proximate cause of the injuries to Wohlgemuth. The jury did not fill in the vehicular assault verdict form but found Thomas guilty of the lesser included crime of DUI. In doing so, it necessarily found either that she drove her car while "under the influence of or affected by intoxicating liquor" or while she "had sufficient alcohol in her body" to register an alcohol level of at least 0.08 "within two hours after driving." Clerk's Papers at 62; Instruction 14. The court imposed a partially suspended jail sentence and probation.

¶6 At a later restitution hearing, over defense objection, the court ordered Thomas, as part of her DUI sentence, to pay restitution of $7,429.82 for medical expenses incurred to treat Wohlgemuth's injuries. The court specifically found that "one of the causations of the accident was [Thomas's] being under the influence of alcohol." 6 RP at 446.

## ANALYSIS

¶7 Thomas appeals the restitution order. Thomas does not challenge the amount of restitution awarded but only whether the court could find that her DUI caused Wohlgemuth's injuries when the jury did not convict her of vehicular assault.

¶8 A court's power to impose restitution is statutory, not inherent. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). So long as the court below imposed a type of restitution authorized by statute, we will reverse its award only if it abused its discretion. *Davison*, 116 Wn.2d at 919. "A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." *State v. Wade*, 138 Wn.2d 460, 464, 979 P.2d 850 (1999).

¶9 DUI is a gross misdemeanor, and the court's authority to impose restitution in this case is found in RCW

9.92.060(2),[1] RCW 9.95.210(2),[2] and RCW 9A.20.030(1).[3] To implement legislative intent, we must interpret these statutes broadly to allow restitution. *See State v. Barr*, 99 Wn.2d 75, 78-79, 658 P.2d 1247 (1983) (discussing RCW 9.95.210(2)); *State v. Shannahan*, 69 Wn. App. 512, 517-18, 849 P.2d 1239 (1993) (applying RCW 9A.20.030). Indeed, "[r]estitution is an integral part of the Washington system of criminal justice," and the various restitution statutes indicate "a strong public policy to provide restitution whenever possible." *Shannahan*, 69 Wn. App. at 517, 518.

¶10 Under the applicable statutes, the court can order a defendant convicted of a crime to pay restitution whenever "the crime in question" caused a loss to another. RCW 9.92.060(2); RCW 9.95.210(2). To prove a defendant's crime caused the victim's loss, the State must establish the loss would not have occurred but for the crime. *See State v. Hahn*, 100 Wn. App. 391, 399, 996 P.2d 1125 (2000). The State need only prove causation by a preponderance of the evidence. *State v. Kinneman*, 122 Wn. App. 850, 860, 95 P.3d 1277 (2004) (interpreting different but similar restitution statute).

¶11 A restitution award must be based strictly on the "crime in question," the one for which the defendant was convicted, not other crimes. RCW 9.92.060(2); RCW 9.95-

---

[1] RCW 9.92.060 authorizes the sentencing court to suspend sentences and subsection (2), in relevant part, gives the sentencing court power to order the defendant "to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question." This statute is applicable to nonfelonies and to felonies committed prior to July 1, 1984. RCW 9.92.900.

[2] RCW 9.95.210 relates to the granting of probation for non-SRA (Sentencing Reform Act, chapter 9.94A RCW) sentences and subsection (2), in relevant part, provides the court imposing probation power to order the defendant "to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question." This statute is applicable to nonfelonies and to felonies committed prior to July 1, 1984. RCW 9.95.900(1).

[3] RCW 9A.20.030(1) authorizes imposition of restitution in lieu of imposing certain fines and, in relevant part, provides the sentencing court authority to order a defendant who "gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof . . . to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime."

.210(2); *e.g.*, *State v. Woods*, 90 Wn. App. 904, 907-09, 953 P.2d 834 (1998); *State v. Hartwell*, 38 Wn. App. 135, 140-41, 684 P.2d 778 (1984), *overruled on other grounds by State v. Krall*, 125 Wn.2d 146, 149, 881 P.2d 1040 (1994) (explaining RCW 9.95.210(2)). However, the sentencing court can order the defendant to pay the *actual* amount of loss caused by the crime to any person damaged; neither the name of the crime nor the named victims limit the award. *E.g.*, *Barr*, 99 Wn.2d at 78-79 (applying RCW 9.95.210(2)); *State v. Rogers*, 30 Wn. App. 653, 656-57, 638 P.2d 89 (1981) (applying RCW 9.92.060(2)). Thus, a defendant who causes an accident while committing DUI may be ordered to pay restitution for accident damages. *See Hartwell*, 38 Wn. App. at 140-41.

¶12 We will reverse a trial court's factual findings only if there is not substantial evidence to support them; that is, only if the record lacks a sufficient quantity of evidence from which a rational person could conclude the challenged finding is true. *State v. Halstien*, 122 Wn.2d 109, 128-29, 857 P.2d 270 (1993). The sentencing court found by a preponderance that Wohlgemuth would not have been injured but for Thomas's DUI. The record contained sufficient evidence to support this finding: the 0.20 blood test, Wohlgemuth's testimony, Thomas's admissions and testimony, and the testimony of the State's expert.

¶13 Nevertheless, Thomas argues that the trial court erred by finding that her DUI caused the accident when the jury did not. She notes that when the jury refused to convict her of vehicular assault, it necessarily refused to find her DUI proximately caused the accident and the injuries. However, the State's burden of proof for establishing causation for restitution purposes is merely a *preponderance of the evidence*. The jury's failure to be convinced *beyond a reasonable doubt* that Thomas's DUI caused Wohlgemuth's injuries is neither a legal nor a factual bar to the trial court finding, at a restitution hearing, that Thomas's DUI probably caused those same injuries.

¶14 We recognize the arguably contrary authority of a Division One case, *State v. Taylor*, 86 Wn. App. 442, 936 P.2d 1218 (1997), *overruled on other grounds by State v. Enstone*, 137 Wn.2d 675, 680-81, 974 P.2d 828 (1999). In *Taylor*, the State charged first degree welfare fraud, requiring proof that the defendant fraudulently received more than $1,500 in benefits, but the jury convicted only of the lesser included offense of second degree theft, requiring proof that the defendant stole between $250 and $1,500. 86 Wn. App. at 444. Division One held that the crime of conviction (or underlying criminal act) could only be theft of less than $1,500; the court thus reversed a restitution order awarding $9,074 (the amount the State had sought to prove in support of the original first degree charge). *Taylor*, 86 Wn. App. at 445-46.

¶15 For reasons discussed below, we believe we can distinguish *Taylor* on its facts. We do not believe *Taylor* holds that a sentencing court can never find a defendant's criminal acts caused damage when the jury's verdict on the elements fails to do so. To the extent it does, it fails to discuss the critical distinction between the burden of proof required for a guilty verdict and the lower burden of proof required for a restitution order, and we decline to follow it.

¶16 *Taylor* is factually distinguishable. The *Taylor* prosecutor accused Taylor of committing first degree welfare fraud over a period of 19 months by fraudulently receiving $9,074 in benefits to which he was not entitled. 86 Wn. App. at 445-46. By rejecting the original charge, the jury necessarily found the State did not prove Taylor fraudulently received benefits in all the charged months. 86 Wn. App. at 446. Instead, the *Taylor* jury found that Taylor fraudulently received benefits totaling less than $1,500 during *some* of the charged months and properly received benefits during the remaining charged months. 86 Wn. App. at 446.

¶17 The *Taylor* trial court could only award restitution for the crime Taylor actually committed: fraudulently receiving less than $1,500 in benefits in a few of the charged months. The State's claim for restitution was apparently

based solely on the *value of the stolen benefits*. 86 Wn. App. at 445. Thus, Division One correctly held restitution in that case and on those facts must be less than $1,500. 86 Wn. App. at 445-46. The actual damages Taylor caused by committing the crime of conviction were less than $1,500.

¶18 Here, however, the jury found Thomas committed the crime of DUI. That finding does not preclude award of restitution for her passenger's injuries in the same way that the *Taylor* jury's finding precluded award of restitution for the value of monthly benefits Taylor properly received. Thomas's jury failed to find *beyond a reasonable doubt* that her DUI caused Wohlgemuth's injuries. That failure does not preclude the sentencing court from awarding restitution based on a *preponderance* finding that it did.

¶19 We affirm the restitution order.

ARMSTRONG, J., concurs.

¶20 QUINN-BRINTNALL, J. (concurring in the result) — Following a single car accident in which the car's passenger, Jennifer Wohlgemuth, was seriously injured, the State charged Sharon Thomas with driving while under the influence of intoxicating liquor (DUI) and vehicular assault. The jury did not reach a verdict on the vehicular assault charge but convicted Thomas of DUI. The trial court sentenced Thomas to incarceration and ordered that she pay $7,429.82 in restitution for medical expenses incurred to treat Wohlgemuth's injuries from the accident. On appeal, Thomas argues that the trial court lacked authority to order restitution because the jury did not find her guilty of vehicular assault. I agree with the majority's conclusion that the sentencing court was authorized to order restitution for Wohlgemuth's injuries, but my reasons differ.

¶21 RCW 9.94A.753(7) requires a court to order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68

RCW.[4] One is entitled to crime victim's compensation if she is injured as a result of a "criminal act," as defined by statute. RCW 7.68.070. The term "criminal act" includes an injury or death caused by a driver in violation of RCW 46.61.502, driving under the influence. RCW 7.68.020(2)(i)(D). Wohlgemuth was injured as a result of a driver, Thomas, violating RCW 46.61.502.

¶22 Read together, these statutes not only authorized but required the trial court to order Thomas to pay restitution for the injuries Wohlgemuth sustained in the accident. Thus, I concur with the majority and affirm the trial court's restitution award.

---

[4] The statute reads: "[T]he court *shall* order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW." RCW 9.94A.753(7) (emphasis added).