196 P.3d 151 (2008)
STATE of Washington, Respondent,
v.
Isiah Thomas HALL, Appellant.
No. 60538-1-I.
Court of Appeals of Washington, Division 1.
November 17, 2008.
Jonathan Michael Palmer, Attorney at Law, Dana M. Lind, Nielsen Broman & Koch PLLC, Seattle, WA, for Appellant.
Catherine Marie McDowall, King County Prosecutor's Office, Seattle, WA, for Respondent.

PUBLISHED IN PART
ELLINGTON, J.
¶ 1 Isiah Hall was convicted of several crimes, including three counts of tampering with a witness. As to those charges, he argues that his multiple convictions violate the prohibition against double jeopardy. Because the unit of prosecution for tampering with a witness is any one instance of attempting *152 to induce a witness or a person to do any of the actions set forth in RCW 9A.72.120, Hall's double jeopardy protection was not violated. In the unpublished portion of this opinion we reject Hall's argument that his trial counsel was ineffective. We thus affirm.

BACKGROUND
¶ 2 Isiah Halt was initially charged with one count of burglary in the first degree with a firearm enhancement and one count of assault in the second degree. The charges arose from Hall's actions on the night of January 14, 2007. On that night, Hall was alleged to have gone to the apartment of Mellissa Salazar, his former girlfriend, and pointed a revolver at her. He then allegedly entered without permission and chased an acquaintance of Salazar's, LaMont McKinney, out of the apartment.
¶ 3 Before trial, the State amended the information to charge a total of eight counts. The newly added charges were one count of assault in the second degree, one count of unlawful possession of a firearm, and four counts of tampering with a witness. The witness tampering charges arose from telephone calls Hall made from jail to his girlfriend, Desirae Aquiningoc, regarding her anticipated testimony about Hall's whereabouts on the night in question and about a gun found in her apartment that allegedly belonged to Hall. Aquiningoc testified that during these calls, Hall asked her either to absent herself from trial or testify falsely.
¶ 4 The jury acquitted Hall of one count of assault in the second degree and one count of tempering with a witness, but found him guilty of one count of first degree burglary with a firearm enhancement, one count of second degree assault, one count of second degree unlawful possession of a firearm, and three counts of tampering with a witness. Hall appeals, arguing first that his multiple convictions for witness tampering violate the prohibition against double jeopardy.[1]

ANALYSIS
¶ 5 Under the double jeopardy clause of the Fifth Amendment, multiple convictions under the same criminal statute are prohibited if the legislature intended only one unit of prosecution.[2] The statutory unit of prosecution is a question of law we review de novo.[3]
¶ 6 Washington courts have not before addressed the unit of prosecution under the witness tampering statute, RCW 9A.72.120(1), which provides:
A person is guilty of tampering with a witness if he or she attempts to induce a witness or person he or she has reason to believe is about to be called as a witness in any official proceeding or a person whom he or she has reason to believe may have information relevant to a criminal investigation or the abuse or neglect of a minor child to:
(a) Testify falsely or, without right or privilege to do so, to withhold any testimony; or
(b) Absent himself or herself from such proceedings; or
(c) Withhold from a law enforcement agency information which he or she has relevant to a criminal investigation or the abuse or neglect of a minor child to the agency.
¶ 7 As in any unit of prosecution case, the first step is to analyze the statute.[4] If the legislature has failed to denote the unit of prosecution, any ambiguity should be construed in favor of lenity.[5] A statute is ambiguous if it is susceptible to two or more reasonable interpretations, not merely because *153 different interpretations are conceivable.[6]
¶ 8 Hall maintains the unit of prosecution for witness tampering is "a course of conduct directed towards a witness or a person in relation to a specific proceeding."[7] He argues that the language of RCW 9A.72.120 focuses on a specific witness and a specific proceeding, and that it does not matter how many attempts a defendant makes to tamper with a single witness as long as the intent to obstruct justice in the specific proceeding remains the same. In the alternative, Hall argues that the statutory language is ambiguous, and therefore it should be construed in his favor under the rule of lenity.
¶ 9 Hall's reading of the statute is incorrect. The statute prohibits any attempt[8] to induce a witness or potential witness to do any of the actions enumerated. The focus is upon the attempt to induce, not on the specific identity of the person or proceeding. There is no ambiguity here.
¶ 10 Moreover, Hall's interpretation is not reasonable. Under his reasoning, a defendant would have no incentive to stop after the first attempt, as he would expose himself to criminal liability for only one count of witness tampering no matter how many efforts he made to induce the witness to disappear or testify falsely. This interpretation does not serve the legislative purpose. As the Wisconsin Court of Appeals aptly observed:
Under [appellant's] reasoning, there would be no incentive to stop attempting to intimidate a witness once the process had begun. Whether a person sent one letter or one hundred letters attempting to intimidate the witness, there would be only one act, regardless of the number of letters and regardless of whether the witness decided to testify. [Appellant's] interpretation would hardly serve to eliminate witness intimidation; indeed, it might well encourage it.[9]
¶ 11 We hold that the unit of prosecution for tampering with a witness is any one instance of attempting to induce a witness or a person to do any of the actions set forth in RCW 9A.72.120. Hall does not argue that his three convictions for witness tampering were not based on three distinct instances of attempt. Therefore, Hall's convictions do not violate double jeopardy.
¶ 12 Affirmed.
¶ 13 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.
WE CONCUR: SCHINDLER, C.J., and AGID, J.
NOTES
[1] Hall did not raise the double jeopardy argument at trial, but constitutional challenges may be raised for the first time on appeal. State v. Adel, 136 Wash.2d 629, 631-32, 965 P.2d 1072 (1998).
[2] Id. at 632, 965 P.2d 1072. The state constitutional provision, Wash. Const. art. I, § 9, offers the same scope of protection as its federal counterpart. Id.
[3] State v. Ose, 156 Wash.2d 140, 144, 124 P.3d 635 (2005).
[4] State v. Varnell, 162 Wash.2d 165, 168, 170 P.3d 24 (2007).
[5] Adel, 136 Wash.2d at 634-35, 965 P.2d 1072.
[6] State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999).
[7] Appellant Br. at 8.
[8] The State contends the definition of "criminal attempt" in RCW 9A.28.020(1) applies to "attempt" as used in RCW 9A.72.120, but we do not find this approach helpful.
[9] State v. Moore, 292 Wis.2d 101, 116, 713 N.W.2d 131 (2006) (interpreting the Wisconsin intimidation of witnesses statute). The relevant language reads: "[W]hoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade any witness from attending or giving testimony at any trial, proceeding or inquiry authorized by law, is guilty of a Class A misdemeanor." Wis. Stat. § 940.42.