[No. 61731-1-I.   Division One.   July 6, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. NIKEEMIA COUCIL, *Appellant*.

132

*Jennifer L. Dobson* and *Dana M. Lind* (of *Nielsen, Broman & Koch, PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Patrick H. Hinds, Deputy*, for respondent.

¶1 DWYER, A.C.J. — Nikeemia Coucil was arrested and charged with felony harassment after threatening to kill Paul Carlson. Released on bail, Coucil failed to appear at a hearing on the charge. He was eventually rearrested, tried, and convicted of a lesser-included charge of misdemeanor harassment. He was also charged with and convicted of bail jumping. On appeal, Coucil contends that because he was convicted of misdemeanor (rather than felony) harassment,

his bail jumping conviction should have been sentenced as a misdemeanor. We disagree. Because bail jumping is classified for sentencing purposes according to the nature of the underlying charge at the time the defendant jumps bail, not on the basis of the underlying charge's ultimate disposition, we affirm.

¶2 Coucil's primary contention on appeal[1] is that because the sentencing provisions of the bail jumping statute, RCW 9A.76.170, define bail jumping's seriousness according to the underlying offense that the defendant was either "held for, charged with, or convicted of," the statute is ambiguous and must be construed using the rule of lenity. Thus, Coucil contends, he must be sentenced based on the time at which the underlying crime's penalty classification was the least severe: when he was "convicted of" a misdemeanor, instead of when he was "charged with" a felony. The statute, however, is not ambiguous. Bail jumping is classified according to when it occurs.

■ ¶3 RCW 9A.76.170 both defines "bail jumping" and sets forth its penalties:

(1) Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the

---

[1] Coucil also contends that his harassment conviction must be reversed because a police witness unconstitutionally opined at trial as to both Carlson's credibility and Coucil's guilt. But Coucil did not object to this testimony and so must demonstrate that any claimed error amounted to a "manifest error affecting a constitutional right." RAP 2.5(a)(3). Such a showing requires that Coucil identify a "nearly explicit statement . . . that the witness believed the accusing victim" or a similarly explicit statement that Coucil was guilty. *State v. Kirkman*, 159 Wn.2d 918, 936, 155 P.3d 125 (2007). It also requires that Coucil demonstrate that the challenged testimony " 'had practical and identifiable consequences in the trial of the case.' " *Kirkman*, 159 Wn.2d at 935 (internal quotation marks omitted) (quoting *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)).

Coucil fails to make either showing. The first variety of testimony that Coucil challenges (three references to Carlson as the "victim") served only to differentiate Carlson from other bus riders. The second variety of challenged testimony (a statement that Coucil had "maliciously harassed" Carlson), when viewed in context, was nothing more than an expression of the witness's belief that he had probable cause to arrest Coucil. Moreover, Coucil does not even attempt to demonstrate the manner in which the two types of allegedly constitutionally prohibited statements affected the outcome of his trial.

requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

. . . .

(3) Bail jumping is:

(a) A class A felony if the person was held for, charged with, or convicted of murder in the first degree;

(b) A class B felony if the person was held for, charged with, or convicted of a class A felony other than murder in the first degree;

(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;

(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor.

The bail jumping penalty classifications are not essential elements of the offense. Rather, they define the seriousness of an incident of bail jumping for purposes of sentencing. *State v. Williams*, 162 Wn.2d 177, 184, 170 P.3d 30 (2007).

¶4 The issue presented is *when* the seriousness of any particular incident of bail jumping—and, thus, its penalty—is determined. From Coucil's perspective, whether bail jumping constitutes an A, B, or C class felony, or a gross misdemeanor or misdemeanor, is determined according to the status of the underlying offense at the time of sentencing on the bail jumping charge. Thus, under Coucil's theory, the seriousness of bail jumping changes over time based on the status of the offense that the bail jumper was "held for, charged with, or convicted of." According to Coucil, this scheme is inherently ambiguous and, thus, requires us to apply the rule of lenity, favoring the lightest sentence. Given that Coucil was *charged with* felony harassment but *convicted of* misdemeanor harassment, he argues, he may be sentenced only for *misdemeanor* bail jumping.

¶5 Coucil attempts to read ambiguity into the statute where none exists.[2] Only by accepting Coucil's contention that bail jumping's seriousness remains undetermined until sentencing can the statute be considered ambiguous. If, instead, the offense is classified according to when it actually occurs—when the offender "fails to appear"—any ambiguity vanishes. Inasmuch as the penalty classifications in RCW 9A.76.170 use the present tense, this is the sole reasonable reading of the statute. Thus, a person who, while released on bail, knowingly "fails to appear" for a court hearing "is" guilty of bail jumping, which "is" (at that time) either a class A, B, or C felony, or a gross misdemeanor or misdemeanor, depending on the underlying offense's classification.

¶6 Under this scheme, the presence of the serial disjunctive "held for, charged with, or convicted of" in each of the bail jumping offense classifications is easily explained: a person can be released on bail, and so jump bail, while being simply *held for* a crime (i.e., prior to arraignment), while *charged with* a crime (i.e., following arraignment, but prior to trial), or while *convicted of* a crime (i.e., following trial). "A statute is ambiguous [only] if it is susceptible to two or more *reasonable* interpretations." *State v. Hall*, 147 Wn. App. 485, 489, 196 P.3d 151 (2008) (emphasis added). Here, Coucil's interpretation is contrary to the verb tense used in the plain text of the statute itself and, thus, is not reasonable. The statute is not ambiguous. "There is no need to interpret statutes that are unambiguous." *In re Pers. Restraint of Silas*, 135 Wn. App. 564, 569, 145 P.3d 1219 (2006). Hence, the rule of lenity is inapplicable. Under the statute's plain language, the seriousness of an incident of bail jumping is determined by the status of the underlying offense at the time that the offender jumps bail.

¶7 Even were the statute ambiguous, competing canons of construction would preclude resort to the rule of lenity. Of

---

[2] The rule of lenity does not apply when a statute is unambiguous. *State v. Fisher*, 139 Wn. App. 578, 585, 161 P.3d 1054 (2007).

particular relevance is the principle that "statutes should be construed to effect their purpose and unlikely, absurd or strained consequences should be avoided." *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990). It would not further the purpose of the bail jumping statute—to compel appearances at criminal hearings—to allow defendants to wager the penalty for jumping bail against the result of their trials on the underlying charges. Taken to its logical conclusion, Coucil's interpretation would allow defendants acquitted of the underlying charges to suffer no penalty at all for jumping bail, because they would not be "held for, charged with, or convicted of" the underlying offenses at the time of sentencing.[3]

¶8 Coucil's interpretation of the statute is strained at best, given that the bail jumping statute is *not* intended to add to or diminish the punishment associated with the underlying offense. This being so, it is unsurprising that his interpretation is also inconsistent with case law. *See, e.g., State v. Gonzalez-Lopez*, 132 Wn. App. 622, 624-25, 638, 132 P.3d 1128 (2006) (bail jumping conviction affirmed when defendant acquitted of underlying charge).

¶9 Affirmed.

GROSSE and ELLINGTON, JJ., concur.

Review granted at 168 Wn.2d 1001 (2010).

---

[3] Furthermore, the rule of lenity itself does not mandate the interpretation of the statute urged by Coucil. Pursuant to that interpretation, bail jumping penalties could be as easily ratcheted upward as downward—for example, where an assault victim dies after his or her assailant is charged, converting the underlying offense into a homicide.