[No. 83654-0.   En Banc.]
Argued November 16, 2010.     Decided December 30, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. NIKEEMIA COUCIL, *Petitioner*.

*Jennifer L. Dobson*; and *Dana M. Lind* (of *Nielsen, Broman & Koch PLLC*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Patrick H. Hinds* and *Ann M. Summers, Deputies*, for respondent.

---

¶1 ALEXANDER, J. — The question before us is this: How should the crime of bail jumping be classified for penalty purposes? The Court of Appeals determined that the penalty classification for bail jumping is based on the classification of the offense the defendant was held for, charged with, or convicted of at the time he or she jumped bail. We affirm that decision.

I

¶2 Nikeemia Coucil was charged in King County Superior Court with felony harassment, the charge arising from an incident on a Seattle bus. Coucil was released on bail pending trial and subsequently failed to appear for a scheduled pretrial hearing. This caused the trial court to issue a bench warrant for Coucil's arrest. He was arrested four months later. The State then amended the information to add the charge of bail jumping for Coucil's failure to appear for the pretrial hearing on the felony harassment

charge. It also added a charge of malicious harassment stemming from the bus incident.

¶3 For trial purposes, the harassment charges were severed from the bail jumping charge. A jury found Coucil not guilty of felony harassment and malicious harassment but guilty of misdemeanor harassment. Thereafter, a second jury found Coucil guilty of bail jumping.

¶4 At sentencing, the trial court classified the bail jumping conviction as a class C felony based on the jury's determination that Coucil failed to appear at a time when he was charged with felony harassment, also a class C felony. It then sentenced Coucil to 17 months in prison on the bail jumping conviction and imposed a 12-month suspended sentence on the misdemeanor harassment conviction.

¶5 Coucil appealed to the Court of Appeals, Division One, primarily arguing that the trial court erred in sentencing him for felony bail jumping when his underlying conviction was for misdemeanor harassment rather than felony harassment. *See State v. Coucil*, 151 Wn. App. 131, 210 P.3d 1058 (2009), *review granted*, 168 Wn.2d 1001, 226 P.3d 780 (2010). The Court of Appeals affirmed, holding that the bail jumping statute, RCW 9A.76.170, unambiguously provides that "bail jumping is classified for sentencing purposes according to the nature of the underlying charge at the time the defendant jumps bail, not on the basis of the underlying charge's ultimate disposition." *Coucil*, 151 Wn. App. at 133.

II

¶6 We review questions of statutory interpretation de novo. *State v. Eaton*, 168 Wn.2d 476, 480, 229 P.3d 704 (2010). Where the plain words of a statute are unambiguous, our inquiry is at an end. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). If a statute is susceptible to more than one reasonable interpretation, it is ambiguous and, absent legislative intent to the contrary, the rule of

lenity requires us to interpret the statute in favor of the defendant. *State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005). Our purpose in interpreting a statute is to determine and carry out the intent of the legislature, and we must presume that it did not intend absurd results. *Eaton*, 168 Wn.2d at 480.

¶7 The bail jumping statute provides in relevant part:

(1) Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

. . . .

(3) Bail jumping is:

. . . .

(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;

(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor.

RCW 9A.76.170.

¶8 Here, there is no dispute over the fact that Coucil knew he (1) was charged with felony harassment, (2) was scheduled to appear in court for a pretrial hearing, and (3) failed to appear for that hearing. It is also undisputed that Coucil was found guilty of misdemeanor harassment, rather than felony harassment. Based on those facts and the aforementioned statute, Coucil asserts that because his bail jumping offense can be classified as both a misdemeanor and a felony, RCW 9A.76.170(3) is ambiguous. The ambiguity, he argues, must be resolved in his favor under the rule of lenity.

¶9 We agree with the Court of Appeals that Coucil reads ambiguity into the statute where none exists. *See Coucil*, 151 Wn. App. at 133. As the Court of Appeals concluded, any alleged ambiguity vanishes if the offense is

classified according to when the bail jumping actually occurred. In reaching this conclusion, the Court of Appeals focused on the statute's use of the disjunctive "or" in the statute that says bail jumping is a class C felony if the person was " 'held for, charged with, *or* convicted of' " a class B or C felony. *Id.* at 135 (emphasis added). It reasoned that, under RCW 9A.76.170(3), "a person can be released on bail, and so jump bail, while being simply *held for* a crime (i.e., prior to arraignment), while *charged with* a crime (i.e., following arraignment, but prior to trial), or while *convicted of* a crime (i.e., following trial)." *Id.* In making its determination about how bail jumping should be classified for punishment purposes, the Court of Appeals interpreted the statute to mean that "a person who, while released on bail, knowingly 'fails to appear' for a court hearing 'is' guilty of bail jumping, which 'is' (at that time) either a class A, B, or C felony, or a gross misdemeanor or misdemeanor, depending on the underlying offense's classification." *Id.* (quoting RCW 9A.76.170).

¶10 Coucil contends that, by including the phrase "(at that time)" in its explanation, the Court of Appeals erroneously "predicated its conclusion on the insertion of new language into the statute for which there is no textual support." Suppl. Br. of Pet'r at 9. The Court of Appeals did not, in our view, insert additional language into the text of the statute when it interpreted the statute's meaning. Rather, it included the explanatory parenthetical to illustrate the point that if "the offense is classified according to when it actually occurs—when the offender 'fails to appear'—any ambiguity vanishes." *Coucil,* 151 Wn. App. at 135.

¶11 Coucil argues, additionally, that the Court of Appeals overlooked the critical verb, "was," in the statute. In his opinion, the existence of that word negates any emphasis on the present tense. He points out in this regard that bail jumping is a "class C felony if the person *was* held for, charged with, or convicted of a class B or class C felony" or a "misdemeanor if the person *was* held for, charged with, or

convicted of a gross misdemeanor." RCW 9A.76.170(3)(c)-(d) (emphasis added). In Coucil's view, the "past tense verb ["was"] might refer to the status of the underlying offense at the time the defendant was released; however, it might also refer to the status at the time of sentencing." Suppl. Br. of Pet'r at 10-11. We agree with the Court of Appeals that Coucil's interpretation is not reasonable, the text of the statute indicating that bail jumping is to be classified for punishment purposes according to when the person jumped bail. *Coucil*, 151 Wn. App. at 135.

¶12 Coucil raises two additional arguments to support his argument that subsection (3) of RCW 9A.76.170 is ambiguous. He cites to *State v. Williams*, 162 Wn.2d 177, 170 P.3d 30 (2007), as support for the proposition that because the penalty classification for bail jumping is "relevant only to the sentence to be imposed on conviction," it is reasonable to infer that the penalty subsection of RCW 9A.76.170 requires bail jumping classifications to be based on the procedural posture of the underlying offense as it stands at the time of sentencing. *See* Suppl. Br. of Pet'r at 7. We disagree that such an inference is reasonable. Contrary to Coucil's assertion, we explained in *Williams* that the charging information was sufficient because it "clearly stated that Williams was charged with 'Possession of a Controlled Substance, a felony' and as a result, he faced *felony* bail jumping." *Williams*, 162 Wn.2d at 185. Based on what we said in *Williams*, it is reasonable to infer that the bail jumping penalty classification depends on when the person jumped bail. *Williams* is not instructive here for the proposition advanced by Coucil.

¶13 Coucil also points out that some other states have, by statute, expressly connected the penalty classifications for bail jumping to the status of the underlying offense at the time the defendant was "released." Suppl. Br. of Pet'r at 8. He suggests that if the Washington Legislature "intended to connect the penalty classification for bail jumping with the status of the underlying offense at some point prior to sentencing, it would have expressly done so." *Id.* Pointing to

language in bail jumping statutes of other states that are not substantially similar to RCW 9A.76.170(3) does not, in our judgment, support an argument that Washington's statute is ambiguous.

¶14 We believe that Coucil's interpretation is unreasonable for additional reasons. As we have mentioned above, in interpreting a statute we endeavor to determine and carry out the legislature's intent and we presume that it did not intend absurd results. *Eaton*, 168 Wn.2d at 480. Under Coucil's reading, a defendant could be subject to a harsher punishment if he or she absconds when charged with a particular offense but is ultimately convicted of a greater offense than with which he or she is charged. This undercuts Coucil's rule of lenity argument. Additionally, as the Court of Appeals pointed out, Coucil's interpretation is unreasonable from a policy standpoint because it might encourage a defendant to abscond while on bail, gambling that he or she will be convicted of a lower offense. We agree with the Court of Appeals that the legislature could not have intended such results. In our view, what the legislature intended when it said "held for, charged with, or convicted of" was that if a person fails to appear when charged with an offense, then the bail jumping classification is based on the charge that was leveled against the defendant at the time the bail jumping took place. The "convicted of" language would come into play only in cases where the defendant failed to appear at sentencing.

¶15 Finally, the State raises another concern, which is that if Coucil's interpretation is adopted, it would be impossible to properly instruct the jury on the bail jumping offense unless the underlying offense is litigated first. This is so because it would be impossible to identify the particular crime that Coucil was " 'convicted of' " in the charging document if he had not yet been convicted. Suppl. Br. of Resp't at 9. Again, it would be unreasonable to conclude that the legislature intended this result when it drafted RCW 9A.76.170(3).

## III

¶16 In short, the Court of Appeals correctly concluded that under RCW 9A.76.170(3) the penalty classification for bail jumping is based on the classification of the offense that is pending against the defendant when he or she jumps bail. Because Coucil was charged with a class C felony when he committed the act of jumping bail, he was properly found guilty of and sentenced for felony bail jumping. We affirm the Court of Appeals.

MADSEN, C.J., and C. JOHNSON, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.