

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70109-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ABDIRAZIK OMAR MOHAMED, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 17, 2014 |

SCHINDLER, J. — The State charged Abdirazik Omar Mohamed with theft in the second degree, vehicle prowl in the second degree, and bail jumping. A jury found Mohamed not guilty of theft in the second degree. The jury found Mohamed guilty of vehicle prowl in the second degree and bail jumping. Mohamed contends insufficient evidence supports the bail jumping conviction and the court did not have the authority to impose restitution. Because sufficient evidence supports the jury conviction of bail jumping and the court did not abuse its discretion in ordering restitution, we affirm.

At around 3:00 a.m. on February 19, 2012, Taylor Dodge parked her Volkswagen Passat on the street in Capitol Hill. Dodge locked the car before leaving to spend the night at her friend's apartment. Dodge returned to her car around 2:00 p.m. Dodge saw a box wedged under the left rear tire, the back right door of the car was ajar, and the front hood was unlatched.

Dodge testified everything inside the car was "torn apart." The glove box was

open and the back seats were folded down. A number of items that had been in the glove box were gone, including her Garmin global positioning system (GPS), iPod Nano, and iPod Touch. The stereo had been ripped out and the camping equipment from the trunk of the car was gone. Dodge found an energy drink bottle inside the car that was not there before.

Seattle police officer Cynthia Whitlatch obtained fingerprints from a number of items in the car, including the energy drink bottle and the GPS charger attachment. A Seattle Police Department forensic latent print examiner matched the fingerprints from the bottle and the GPS attachment to Abdirazik Omar Mohamed.

On May 9, 2012, the State charged Mohamed with theft in the second degree in violation of RCW 9A.56.020(1)(a) and RCW 9A.56.040(1)(a). The information alleged Mohamed "wrongfully obtain[ed] [personal] property belonging to Taylor Dodge, [and] that the value of such property did exceed $750."

The court entered an order releasing Mohamed on his personal recognizance on the condition that he "appear personally for court hearings and for trial." Mohamed signed and received a copy of the order.

Mohamed and his attorney appeared for the case setting calendar on June 6 and requested a continuance. The court continued Mohamed's case scheduling hearing to June 20. Mohamed and his attorney appeared for the case setting calendar on June 20 and requested another continuance. The court continued Mohamed's case scheduling hearing to July 11.

On July 11, Mohamed arrived at the beginning of the case setting calendar at 1:00 p.m. Mohamed's attorney told him to wait until the judge heard his case. Mohamed waited until at least 2:30 p.m. but left before 3:00 p.m. The court called the

2

case at 3:13 p.m. The court issued a bench warrant.

The court granted the State's motion to amend the information to add a charge for vehicle prowl in the second degree in violation of RCW 9A.52.100 and bail jumping in violation of RCW 9A.76.170. Mohamed entered a plea of not guilty to all three counts.

A number of witnesses testified during the two-day jury trial, including Dodge, Officer Whitlatch, and the attorney who represented Mohamed before trial. The jury found Mohamed not guilty of theft in the second degree. The jury found Mohamed guilty of vehicle prowl in the second degree and bail jumping. The court imposed a standard range sentence.

The State sought $3,524.60 in restitution for the damage to Dodge's Passat and the value of the missing property. Mohamed objected on the grounds that the jury found him not guilty of theft in the second degree. The court ruled the fingerprint evidence established a causal connection between the crime of vehicle prowl and the GPS, but not the rest of the missing property. The court ordered Mohamed to pay restitution in the amount of $269.99 for the value of the GPS.

Mohamed appeals the conviction of bail jumping and the order of restitution.

Sufficiency of the Evidence

Mohamed contends insufficient evidence supports the jury conviction of bail jumping. The State must prove each essential element of the crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002). In deciding whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found

3

the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

A challenge to the sufficiency of the evidence admits the truth of the State's evidence. Salinas, 119 Wn.2d at 201. "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." Salinas, 119 Wn.2d at 201. We defer to the trier of fact on "issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), abrogated in part on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

To convict Mohamed of bail jumping in violation of RCW 9A.76.170, the State had the burden of proving beyond a reasonable doubt that Mohamed (1) was charged with a particular crime, (2) knew of the requirement to personally appear before the court, and (3) failed to appear as required.[1] See State v. Coucil, 170 Wn.2d 704, 707, 245 P.3d 222 (2010); State v. Williams, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007).

Because he was present at the beginning of the case setting calendar on July 11, Mohamed contends insufficient evidence supports finding he failed to appear on July 11.

Viewing the evidence in the light most favorable to the State, Mohamed knew he had to appear for all court hearings. The order he signed and received a copy of

---

[1] RCW 9A.76.170(1) provides:
Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

releasing him on his personal recognizance states, in pertinent part, "IT IS HEREBY ORDERED that the above-named defendant shall be released from the King County Jail and is ordered to appear personally for court hearings and for trial."

While it is undisputed Mohamed was present at the beginning of the case setting calendar on July 11, he left before the case scheduling hearing on his case at 3:13 p.m. The attorney who represented Mohamed at the time testified that he told Mohamed to stay until his case was called. The attorney testified, "I don't tell my clients they can leave once they've signed the [case setting] order. . . . As a matter of policy, I tell clients they have to wait."

State v. Coleman, 155 Wn. App. 951, 231 P.3d 212 (2010), does not support Mohamed's argument. In Coleman, we clarified that the obligation to personally appear for court hearings requires a defendant to "appear before the court as required." Coleman, 155 Wn. App. at 964.[2] Here, unlike in Coleman, Mohamed did not appear "before the court"[3] for his case scheduling hearing. Sufficient evidence supports finding Mohamed guilty of bail jumping beyond a reasonable doubt.

Restitution

Mohamed contends the court did not have the authority to order him to pay restitution for the value of the GPS because the jury found him not guilty of theft in the second degree.

We review a trial court's order of restitution for abuse of discretion. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or untenable

---

[2] Emphasis added.

[3] See Coleman, 155 Wn. App. at 964.

5

reasons. State v. Harris, 181 Wn. App. 969, 973, 327 P.3d 1276 (2014).

A court's authority to impose restitution is derived from statute. Griffith, 164 Wn.2d at 965. Because vehicle prowl in the second degree is a gross misdemeanor, RCW 9A.20.030(1)[4] governs the imposition of restitution in this case. State v. Thomas, 138 Wn. App. 78, 81-82, 155 P.3d 998 (2007).

The court may impose restitution " 'only for losses that are "causally connected" to the crimes charged.' " Griffith, 164 Wn.2d at 965 (quoting State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007)). The State must prove by a preponderance of the evidence that the victim's loss would not have occurred "but for" the defendant's crime. Harris, 181 Wn. App. at 974; Thomas, 138 Wn. App. at 82. Because of the "strong public policy to provide restitution whenever possible," we look to the underlying facts of the charged offense rather than the name of the crime in determining whether the requisite causal connection exists. Harris, 181 Wn. App. at 973-74; Thomas, 138 Wn. App. at 82-83.

The State sought restitution for damage to the Passat and the value of a number of items missing from Dodge's car, including her GPS, stereo, iPod Nano, iPod Touch, and camping equipment. The court ruled the fingerprint evidence established a causal connection between the crime of vehicle prowl in the second degree and the GPS.

Mohamed argues there is no causal connection between his crime and the GPS because the jury found him not guilty of theft in the second degree. His argument

---

[4] RCW 9A.20.030(1) states, in pertinent part:

If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof . . . the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime. Such amount may be used to provide restitution to the victim at the order of the court.

ignores "the critical distinction between the burden of proof required for a guilty verdict and the lower burden of proof required for a restitution order." Thomas, 138 Wn. App. at 84.

To convict Mohamed of theft in the second degree, the State had the burden of proving beyond a reasonable doubt that he wrongfully obtained property exceeding $750 in value. RCW 9A.56.020(1)(a); RCW 9A.56.040(1)(a). By contrast, for purposes of restitution, the burden of proof is a preponderance of the evidence. Thomas, 138 Wn. App. at 82. Here, the fingerprint evidence established a causal connection between the crime of vehicle prowl in the second degree and Dodge's loss of the GPS. The court ruled, in pertinent part, "The only nexus is this GPS in terms of his fingerprints on [it]. . . . So the restitution that I believe that there is a nexus for is the GPS device and that's it." The court did not err in ordering Mohamed to pay restitution in the amount of $269.99 for loss of the GPS.

We affirm Mohamed's conviction for bail jumping and the court's order of restitution for the value of the GPS.

WE CONCUR:

7