# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50101-5-II |
| Respondent, | |
| v. | |
| JEREMY RICHARD DYCHES, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Jeremy Richard Dyches appeals the trial court's order that he pay restitution for the victim's tuition as part of his sentence for theft of a motor vehicle.[1] Dyches argues that the trial court abused its discretion in ordering restitution because there was no causal connection between his crime and the loss of the victim's financial aid. The State concedes error. Because the trial court did not abuse its discretion, we reject the State's concession, and we affirm the trial court's restitution order.

## FACTS

Jessica Neil left her car's motor running as she prepared to leave her home. Dyches entered the car and started backing up. Neil opened the car door and jumped on Dyches, who dragged Neil 20-30 feet with her car before fleeing on foot. The State charged Dyches with one count of theft of a motor vehicle, and he pleaded guilty.

At a later restitution hearing, the State requested that the trial court order $1,382.40 in restitution for Neil's tuition because Neil lost her financial aid award after her vehicle had been

---

[1] RCW 9A.56.065(1).

stolen. The State submitted Neil's victim impact statement, where Neil stated that she lost her financial aid as a result of her low performance in her classes. Neil stated that her grades declined "[b]ecause of [Dyches] trying to steal [her] car and making it hard for [her] to concentrate in [her] last week of school" and because she no longer felt safe. Clerk's Papers at 4. In addition, the State submitted Neil's grades, which showed a decline in her performance following the date of the theft. Neil stated that she could not sit down long enough to concentrate on completing her assignments for her English class and that she failed the class.

The trial court determined that there was a causal relationship between Dyches's theft of a motor vehicle conviction and Neil's loss of financial aid, and the court ordered Dyches to pay $1,382.40 in restitution. Dyches appeals.

## ANALYSIS

### I. RESTITUTION

Dyches argues that the trial court abused its discretion in ordering that he pay restitution for Neil's tuition because there was no causal connection between his crime and the loss of Neil's financial aid. Although the State concedes error, we do not accept the State's concession.

Imposition of restitution is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds. *State v. Thomas*, 138 Wn. App. 78, 81, 155 P.3d 998 (2007).

"A court's authority to impose restitution is statutory." *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). A trial court may impose restitution when an offender pleads guilty to an offense that resulted in injury to or loss of property. *See* RCW 9.94A.753(3). Restitution is

proper where the facts show a causal connection between the victim's loss and the defendant's crime. *Griffith*, 164 Wn.2d at 965. Losses are causally connected if, but for the crime, the victim would not have incurred the loss. 164 Wn.2d. at 966. The State must prove the causal connection between the losses and the crime by a preponderance of the evidence. *Thomas*, 138 Wn. App. at 82.

Here, Dyches pleaded guilty to theft of a motor vehicle. The State later requested restitution to compensate Neil for her loss of financial aid. The State submitted evidence that Neil's grades declined after Dyches's crime. According to Neil's victim impact statement, Neil was unable to concentrate in her last week of school because she no longer felt safe after Dyches got in her vehicle and drug her 20-30 feet as she was trying to stop Dyches. Neil stated that because she could not focus long enough to complete her assignments following the theft, she did not pass her English class, and as a result of her low academic performance, she lost her financial aid. The trial court ordered that Dyches pay restitution, determining that there was a causal connection between Dyches's crime and Neil's loss.

Dyches contends that the trial court erred when it imposed restitution for Neil's loss of financial aid. Although the State concedes error, we examine the trial court's order to determine whether it meets the requirements set forth above. Neil's loss of financial aid is causally connected to Dyches's crime. *Griffith*, 164 Wn.2d. at 966. Following Dyches's crime, Neil had a number of assignments that she was unable to complete because she could not concentrate, which caused her to fail her English class and then caused her to lose her financial aid. But for Dyches's theft of Neil's vehicle and dragging her 20-30 feet, Neil's grades would not have declined due to the trauma she suffered, and she would not have lost her financial aid.

No. 50101-5-II

The trial court found that there was a causal connection and ordered restitution against Dyches. A restitution award will not be disturbed absent an abuse of discretion, and we cannot say that the trial court lacked tenable grounds for concluding that there was a causal connection between Neil's loss of financial aid and Dyches's crime. *Thomas*, 138 Wn. App. at 81. Accordingly, the trial court did not abuse its discretion. Therefore, we reject the State's concession, and we affirm the trial court's restitution order.

## II. APPELLATE COSTS

Dyches asks that we refrain from awarding appellate costs against him because he is indigent. A commissioner of this court will consider whether to award appellate costs in due course under the newly revised RAP 14.2 if the State files a cost bill and if Dyches objects to that cost bill.

We affirm the trial court's restitution order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, A.C.J.

Lee, J.

4